UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.        § | MAGISTRATE ACTION NO. C-11-961 |
| § | |
| MICHAEL ANTHONY HULL § | |

### MEMORANDUM OPINION AND ORDER REVOKING ORDER OF RELEASE AND REQUIRING DETENTION PENDING TRIAL

This matter comes before the Court on the United States' Motion for Review and Revocation of Order of Release Pursuant to Title 18, United States Code, Section 3145(a)(1) filed by the Government on August 19, 2011. (D.E. 9.)  A revocation hearing was held before this Court on August 23, 2011.  Officer Todd A. Beach with the Drug Enforcement Agency Task Force testified for the Government.  Officer Beach indicated that Border Patrol seized Defendant Hull and his truck containing 4,689 kilograms of marijuana worth approximately $8.2 million.  At the time he was detained, Defendant indicated to Border Patrol that he was aware the truck contained illegal narcotics and that he was to be paid $20,000 for delivering the drugs to Chicago.  Another individual, who Defendant implicated in the trafficking, purchased a ticket for Mr. Hull to fly from Orlando, Florida to Southern Texas to pick up the load.  In the cab of Defendant's truck, Border Patrol also found three cell phones and approximately $1,200 in cash.  The Court additionally adopts paragraphs 1 through 6 of the Pretrial Services Report.  The Court does not adopt the Pretrial Services recommendation of release and pretrial supervision.

Under 18 U.S.C. § 3142(e)(3)(A), there arises a presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." The Criminal Complaint (D.E. 1) alleges that Defendant violated 21 U.S.C. § 841, which mandates a minimum penalty of ten years imprisonment to life for anyone found to have possessed with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. Congress has found that "drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989). Defendant failed to present any evidence that Mr. Hull does not present a flight risk or that he does not pose a danger to society. Accordingly, Defendant failed to meet his burden of production to present evidence to the Court reasonably assuring the appearance of Defendant and the safety of the community. *Id*.

The evidence favoring detention is substantial. Defendant was detained with a significant quantity of drugs for which he faces a possible maximum sentence of life in prison. Defendant admitted to Border Patrol that he had knowledge he was transporting illegal narcotics and that he was to be paid for his unlawful activities upon the delivery of the drugs. Defendant has a prior criminal history and admitted to recent drug use. Defendant has no ties to South Texas, and Defendant has a prior history of probation violations. The Court therefore concludes that there is probable cause to believe Defendant committed an offense for which a minimum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(A), and that there are no circumstances that will reasonably assure Defendant's appearance or the safety of the community. Wherefore, the Court revokes the prior order of release and requires Defendant to be detained pending trial.

Defendant is therefore committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**ORDERED** this 24th day of August, 2011.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**